| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500005 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01252<br><br>Sobre:<br>Arbitrios de Construcción |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500006 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01135<br><br>Sobre:<br>Arbitrios de Construcción |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500007 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01549<br><br>Sobre:<br>Arbitrios de Construcción |

Número Identificador
SEN2025_____

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500008 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2022CV00038<br><br>Sobre:<br>Arbitrios de Construcción |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500009 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01234<br><br>Sobre:<br>Arbitrios de Construcción |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500010 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01140<br><br>Sobre:<br>Arbitrios de Construcción |

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500011 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV03931<br><br>Sobre:<br>Arbitrios de Construcción |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>ANDRÉS M. RAMÍREZ MARCANO, JUEZ DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, SALA ESPECIALIZADA EN ASUNTOS CONTRIBUTIVOS Y DELITOS ECONÓMICOS<br><br>Recurrida | KLRX202500012 | *Mandamus*<br>Procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV01325<br><br>Sobre:<br>*Arbitrios de Construcción* |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, 30 de abril de 2025.

Comparece Cobra Acquisitions, LLC ("Cobra" o "Peticionario") mediante *Auto de Mandamus* y nos solicita que le ordenemos al Hon. Andrés Ramírez Marcano ("Hon. Ramírez Marcano") del Tribunal de Primera Instancia, Sala de San Juan, a resolver una serie de mociones dispositivas pendientes por adjudicar.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición de los autos de *mandamus*.

**I.**

Los pleitos de epígrafe, con excepción del recurso clasificado alfanuméricamente como KLRX202500012, tuvieron su génesis procesal cuando, respectivamente, el 10, 12, 20 de febrero de 2020, 27 de julio de 2020 y 4 de enero de 2022, COBRA instó una *Demanda* sobre sentencia declaratoria. COBRA le peticionó al foro de instancia que resolviera que los respectivos municipios demandados carecían de autoridad legal para imponerle arbitrios de construcción por esta ser contratista de la Autoridad de Energía Eléctrica ("AEE").

Por su parte, el recurso clasificado alfanuméricamente como KLRX202500012, comenzó el 13 de febrero de 2020, cuando el Municipio de Ceiba instó una *Demanda* en contra COBRA sobre el pago de arbitrios de construcción y patentes municipales.

Atinente a la controversia ante nos, en cada caso de epígrafe, en distintas fechas, COBRA presentó sendas solicitudes de inhibición/recusación en contra del Hon. Ramírez Marcano, quien preside la sala en la que se dilucidan. Examinadas tales solicitudes, el foro de instancia resolvió que no procedía la inhibición del Hon. Ramírez Marcano. Como resultado de tal denegatoria, la parte recurrente acudió mediante auto de *certiorari* ante esta Curia. El 10 de septiembre de 2024 este Panel determinó denegar la expedición del auto solicitado. Inconforme aún, COBRA acudió ante nuestro Tribunal Supremo. El 25 de noviembre de 2024, el foro de instancia recibió el mandato de nuestro más Alto Foro, a los efectos de denegar la expedición del *certiorari* solicitado por COBRA.

Por consiguiente, el 7 de enero de 2025, en los casos SJ2020CV01234, SJ2020CV01252 y SJ2020CV01549, el Hon. Ramírez Marcano dictaminó unas órdenes, mediante las cuales les ordenó a las partes a informar si, previo a adjudicar una serie de mociones dispositivas,

restaban asuntos por atender. Ante el incumplimiento de las partes, el 14 de marzo de 2025, el foro de instancia, emitió unas órdenes de mostrar causa por la cual las partes no habían cumplido con lo ordenado desde enero de 2025. En respuesta, ese mismo día, COBRA presentó una moción mediante la cual adujo que la demora en la resolución de las diversas mociones dispositivas era atribuible al propio foro primario.

Como consecuencia de lo alegado por COBRA, el 17 de marzo de 2025, el Hon. Ramírez Marcano expresó, mediante *Orden*, lo siguiente:

> [...] Se hace constar que, desde el 28 de febrero de 2022 (SUMAC 55), la parte demandante ha insistido en recusar al Juez que aquí suscribe; y dicho asunto nos ha impedido atender el presente caso. No obstante, y **habiéndose finalmente recibido el *Mandato* del Tribunal Supremo en torno a las repetidas solicitudes de recusación, estaremos adjudicando las controversias presentadas en la *Demanda*** y la correspondiente *Reconvención.*[1]

(Énfasis suplido)

Inconforme con el manejo de los procedimientos, el 9 de abril de 2025, COBRA compareció ante nos en los recursos consolidados mediante *Auto de Mandamus* y le imputó al foro de instancia lo siguiente:

> **El Juez Andrés Ramírez Marcano tiene el deber ministerial de resolver las mociones dispositivas sometidas para su adjudicación desde hace varios años.**

En específico, la Peticionaria manifestó que el Hon. Ramírez Marcano tiene el deber ministerial de atender las siguientes mociones dispositivas:

- Solicitud de Desestimación, presentada el 15 de julio de 2020, en el SJ2020CV01325, por COBRA;

- Solicitud de Desestimación, presentada el 27 de julio de 2020, en el SJ2020CV0113, por el Municipio de Salinas;

- Solicitud de Desestimación, presentada el 27 de julio de 2020, en el SJ2020CV01140, por el Municipio de Patillas;

---

[1] Véase: SJ2020CV01252, SUMAC, entrada 196; SJ2020CV01234, SUMAC entrada 192; y SJ2020CV01549, SUMAC, entrada 185.

- Solicitud de Sentencia Sumaria, presentada el 14 de septiembre de 2021, en el SJ2020CV03931, por COBRA;

- Solicitud de Desestimación, presentada el 11 de abril de 2022, en el SJ2022CV00038, por el Municipio de Gurabo;

- Solicitud de Sentencia Sumaria, presentada el 21 de agosto de 2023, en el SJ2020CV01252, por COBRA;

- Solicitud de Sentencia Sumaria, presentada el 21 de agosto de 2023, en el SJ2020CV01549, por COBRA;

- Solicitud de Sentencia Sumaria, presentada el 21 de agosto de 2023, en el SJ2020CV01234, por COBRA.

Por su parte, el Hon. Ramírez Marcano compareció el 28 de abril de 2025, mediante una *Moción en Cumplimiento de Orden*. Perfeccionado el recurso y examinado el expediente, a la luz del derecho aplicable, estamos en posición de resolver.

## II.

El *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento. *Kilómetro O, Inc. v. Pesquera López*, 207 DPR 200, 214 (2021), citando a *Romero Lugo v. Cruz Soto*, 205 DPR 972 (2020). En otras palabras, el *mandamus* "no se trata de una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer". *Carrasquillo Román v. Inst. Correccional*, 204 DPR 699, 713 (2020).

El *mandamus* únicamente está disponible cuando el peticionario carece de un "recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423. Del mismo modo, el peticionario deberá demostrar que hizo un requerimiento previo

y que este no fue atendido por el demandado. *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 267 (2010).

Cuando el peticionario prueba la existencia de un deber ministerial y que este no se ha cumplido, le corresponde al funcionario la carga probatoria de demostrar que la concesión del auto afectaría negativamente un interés público mayor o que simplemente se le hace imposible cumplir. *Íd.*, págs. 269-270.

Al considerar si procede o no conceder el *mandamus*, los tribunales deberán analizar: (1) el impacto del recurso en los intereses públicos involucrados; (2) la posible intromisión indebida en las gestiones de la Rama Ejecutiva; y (3) el efecto sobre los derechos de terceros. *Kilómetro O, Inc. v. Pesquera López, supra*, pág. 215. Véase, además: *Romero, Valentín v. Cruz, CEE et al.*, 205 DPR 972, 14 (2020), citando a *Noriega v. Hernández Colón*, 135 DPR 406, 448 (1994); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017).

### III.

Mediante sus peticiones de *mandamus*, COBRA nos solicita que le ordenemos al Hon. Ramírez Marcano a resolver las mociones dispositivas pendientes por adjudicar en los casos de epígrafe. En esencia, la parte peticionaria arguye que, conforme a la Regla 24 (a) de las *Reglas para la Administración del Tribunal de Primera Instancia*, 4 LPRA Ap. II-B, el foro primario tiene el deber ministerial de resolver, dentro del término de noventa (90) días, los casos contenciosos y las solicitudes de sentencia sumaria. Adelantamos que, debido a la complejidad de cada caso, el término establecido en la norma que antecede podrá variar, según las circunstancias.

Ahora bien, de manera acomodaticia, la parte peticionaria omitió discutir el complejo legajo procesal de los casos de autos. El trámite de los referidos casos incluye, la presentación de solicitudes de inhibición instadas por COBRA, comenzando desde el 28 de febrero de 2022, las que

impidieron que el Hon. Ramírez Marcano continuara ejerciendo sus deberes ministeriales mientras estas se dilucidaban ante el foro de instancia y los foros apelativos. Todas las solicitudes de inhibición fueron denegadas por el foro de instancia. Cabe destacar que, ante la solicitud de COBRA, este Panel se negó a revisar tales denegatorias. Posteriormente, el 25 de noviembre de 2024, el foro de instancia recibió el mandato del Tribunal Supremo, mediante el cual declaró No Ha Lugar la expedición del auto de *certiorari* solicitado por COBRA para la revisión de las denegatorias dictadas por el foro de instancia.

Habiendo advenido final y firme la denegatoria a la solicitud de recusación y devueltos los casos ante la jurisdicción del foro de instancia, el 7 de enero de 2025, en los casos SJ2020CV01234, SJ2020CV01252 y SJ2020CV01549, el Hon. Ramírez Marcano les ordenó a las partes a informar sobre la existencia de asuntos pendientes que debían ser atendidos, previo a adjudicar las mociones dispositivas. En respuesta a lo ordenado, el 14 de marzo de 2025, COBRA se limitó a imputarle al foro de instancia la culpa por la demora en la adjudicación de las referidas mociones. Como corolario, el 17 de marzo de 2025, el Hon. Ramírez Marcano emitió una *Orden*, mediante la cual expresó que las solicitudes de recusación le habían impedido atender los casos de epígrafe. Sin embargo, el foro de instancia expresó que, habiéndose recibido el Mandato del Tribunal Supremo, estaría adjudicando las controversias presentadas.

Pese a lo anterior, COBRA decidió acudir ante esta Curia mediante *Petición de Mandamus*. A manera de inducir a error a este foro apelativo intermedio, la parte recurrente meramente alega que el Hon. Ramírez Marcano se había negado a resolver las mociones dispositivas. Ciertamente, la demora en los casos de epígrafe ha sido ocasionada por la propia parte recurrente quien, en innumerables ocasiones ha impedido que los casos continúen ventilándose ante el foro de instancia. De tal modo que, no le han otorgado al Hon. Ramírez Marcano la oportunidad de

disponer de las mociones dispositivas. Examinado los expedientes, colegimos que no existe fundamento alguno para determinar que el Hon. Ramírez Marcano ha desatendido sus deberes ministeriales.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición de los autos solicitados.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones